| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | Yvett Tiwona Battles |
| | First Name Middle Name Last Name |
| Debtor 2 (Spouse, if filing) | |
| | First Name Middle Name Last Name |
| United States Bankruptcy Court for the Northern District of Georgia | |
| Case number (if known) | 22-50402-JWC |

☒ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

2.1 3.3 3.5 5.1 6.1

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. ***Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.***

| | | Included | Not Included |
|---|---|---|---|
| § 1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ☐ Included | ☒ Not Included |
| § 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4 | ☐ Included | ☒ Not Included |
| § 1.3 | Nonstandard provisions, set out in Part 8 | ☒ Included | ☐ Not Included |
| § 1.4 | The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4. | ☐ Included | ☒ Not Incuded |

| Debtor | Yvett Tiwona Battles | Case number | 22-50402-JWC |
|---|---|---|---|

### Part 2: Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

**§ 2.1 Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

Check one: ☐ 36 months   ☒ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay $743.00 per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

| Beginning on *(insert date):* | The Regular Payment amount will change to *(insert amount)*: | For the following reason *(insert reason for change):* |
|---|---|---|
|  | _____ per month |  |

**§ 2.2 Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☒ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

**§ 2.3 Income tax refunds.**

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☒ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years 2021, 2022, 2023, 2024, 2025, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

_____

**§ 2.4 Additional Payments.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**§ 2.5 [Intentionally omitted.]**

**§ 2.6 Disbursement of funds by trustee to holders of allowed claims.**

The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)

| Debtor | Yvett Tiwona Battles | Case number | 22-50402-JWC |

| **Part 3:** | **Treatment of Secured Claims** |

**§ 3.1  Maintenance of payments and cure of default, if any.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**§ 3.2  Request for valuation of security and modification of certain undersecured claims.**

☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**§ 3.3  Secured claims to be paid in full.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☒ The claims listed below will be paid in full under the plan. Reasons for payment in full may include:

(1) were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(3) the value of the collateral exceeds the anticipated claim; or

(4) the claim listed shall be paid in full because the claim is cosigned; or

(5) the claim shall be paid in full because the debtor is not entitled to a discharge.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| | Name of creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|---|
| − | CarMax Auto Finance | 2015 Jeep Grand Cherokee | 02/2019 | $23,531.00 | 6.0% | $508.00 | $508.00 |
| − | Georgia Department of Revenue | Tax lien - all real and personal property | 01/01/2019 | $4,000.00 | 3.0% | $175.00 | $175.00 |

**§ 3.4  Lien avoidance.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**§ 3.5  Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☒ The debtor(s) elect(s) to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request(s) that, upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Confirmation of the plan results in termination of such stays. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below. No payments as to the collateral will be made, and all secured claims based on the collateral will not otherwise be treated by the plan.

| | Name of Creditor | Collateral |
|---|---|---|
| − | Regional Acceptance | 2017 Hyundai Sonata |
| − | Acima | HHG |

| Debtor | Yvett Tiwona Battles | Case number | 22-50402-JWC |
|---|---|---|---|

### § 3.6   Other Allowed Secured Claims.

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __5.5__ %.  Payments will commence as set forth in § 2.6.  Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

## Part 4:   Treatment of Fees and Priority Claims

### § 4.1   General.

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest.  An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

### § 4.2   Trustee's fees.

Trustee's fees are governed by statute and may change during the course of the case.

### § 4.3   Attorney's fees.

(a)  The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $___0.00___.  The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b)  Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c)  From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a).

(d)  The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $___0.00___ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e)  If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $___0.00___, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits.  If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f)  If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $___0.00___, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order.  The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal.  If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(g)  If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h)  If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

### § 4.4   Priority claims other than attorney's fees.

☐ **None.**  *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ The debtor(s) has/have domestic support obligations as set forth below.  The debtor(s) is/are required to pay all postpetition domestic support obligations directly to the holder of the claim.

| + | Name and address of creditor: | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|---|
| - | | | | |

| Debtor | Yvett Tiwona Battles | Case number | 22-50402-JWC |
|---|---|---|---|

☒ The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| + | Name and address of creditor: | Estimated amount of claim |
|---|---|---|
| - | Internal Revenue Service | $5,900.00 |
| - | Georgia Department of Revenue | $1.00 |

## Part 5: Treatment of Nonpriority Unsecured Claims

**§ 5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☒ A pro rata portion of the larger of (1) the sum of $__10,778.00__ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3 Other separately classified nonpriority unsecured claims.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**§ 6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**§ 7.1 Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

## Part 8: Nonstandard Plan Provisions

**§ 8.1 Check "None" or list Nonstandard Plan Provisions.**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3. (Insert additional lines if needed.)***

1. Debt owed to Freedom Road Financial will be paid direct outside the plan by the co-debtor.

Debtor    Yvett Tiwona Battles                                             Case number  22-50402-JWC

## Part 9: Signatures

**§ 9.1** Signatures of Debtor(s) and Attorney for Debtor(s).

*The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.*

✘ /s/Yvett Tiwona Battles                                     ✘
Signature of debtor 1 executed on  02 / 24 / 2022              Signature of debtor 2 executed on
                                    MM / DD / YYYY                                                MM / DD / YYYY

2634 Micah Drive, Ellenwood, GA 30294
Address                               City, State, ZIP code    Address                            City, State, ZIP code

✘ /s/Stacey L. Butler, Esq.   GA Bar #468063                   Date: 02 / 24 / 2022
Signature of attorney for debtor(s)                                   MM / DD / YYYY

The Bankruptcy Law Group, LLC.                                 155 Eagles Walk, Suite A, Stockbridge, GA 30281
Firm                                                           Address                            City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| YVETT TIWONA BATTLES, | : | CASE NO. 22-50402-JWC |
| | : | |
| Debtor. | : | |

**CERTIFICATE OF SERVICE**

I certify that I am over the age of 18 and that I served a copy of the foregoing *"2nd Amended Chapter 13 Plan"* by first class U.S. Mail, with adequate postage prepaid on the following persons or entities at the address stated to include the attached mailing matrix;

Yvett Battles
2634 Micah Dr.
Ellenwood, GA 30294

I certify that, by agreement of the parties, Nancy J. Whaley, Chapter 13 Trustee, was served via the ECF electronic mail/noticing system.

Dated: Thursday, March 24, 2022        /s/*Stacey. L. Butler*___
                                         Stacey L. Butler, Esq.
                                         GA Bar No. 468063
                                         The Bankruptcy Law Group, LLC
                                         Attorney for the Debtor
                                         155 Eagles Walk, Suite A
                                         Stockbridge, GA 30281
                                         770-389-0002 Phone
                                         770-389-0012 Fax
                                         courtdocs@slblawgroup.com

```
Label Matrix for local noticing        AT&T Mobility II LLC                    Acima Credit
113E-1                                 %AT&T SERVICES INC.                     9815 South Monroe Street
Case 22-50402-jwc                      KAREN A. CAVAGNARO  PARALEGAL           4th Floor
Northern District of Georgia           ONE AT&T WAY, SUITE 3A104                Sandy, UT 84070-4384
Atlanta                                BEDMINSTER, NJ 07921-2693
Thu Mar 24 10:16:19 EDT 2022

Afni, Inc.                             Afni, Inc.                              Aldous & Associates
Attn: Bankruptcy                       Po Box 3097                             PO Box 171374
Po Box 3427                            Bloomington, IL 61702-3097              Salt Lake City, UT 84117-1374
Bloomington, IL 61702-3427


Ashro                                  Ashro                                   Yvett Tiwona Battles
3650 Milwaukee St                      Attn: Bankruptcy                        2634 Micah Drive
Madison, WI 53714-2304                 1112 7th Ave                            Ellenwood, GA 30294-6262
                                       Monroe, WI 53566-1364


Stacey L. Butler                       Caine & Weiner                          (p)CAINE & WEINER COMPANY
The Bankruptcy Law Group, LLC          Attn: Bankruptcy                        12005 FORD ROAD 300
Suite A                                5805 Sepulveda Blvd                     DALLAS TX 75234-7262
155 Eagles Walk                        Sherman Oaks, CA 91411-2546
Stockbridge, GA 30281-6342


CarMax Auto Finance                    CarMax Auto Finance                     CarMax Auto Finance dba CarMax Business Serv
225 Chastain Meadows Court             Attn: Bankruptcy                        225 Chastain Meadows Court,
Kennesaw, GA 30144-5897                PO Box 440609                           Suite 210
                                       Kennesaw, GA 30160-9511                 Kennesaw, GA 30144-5942


CarMax Business Services, LLC          Collection Receivables                  Collection Services of Athens, Inc.
CarMax Auto Finance                    1835 Central Ave                        110 Newton Bridge Rd Bld
225 Chastain Meadows Court             Augusta, GA 30904-5734                  Athens, GA 30607-1163
Suite 210
Kennesaw, GA 30144-5942


Collection Services of Athens, Inc.    Comenity Bank/Ashley Stewart            Comenity Bank/Ashley Stewart
Attn: Bankruptcy                       Attn: Bankruptcy                        Po Box 182789
PO Box 8048                            PO Box 182125                           Columbus, OH 43218-2789
Athens, GA 30603-8048                  Columbus, OH 43218-2125


Comenity Bank/New York                 Comenitybank/New York                   Credit Collection Services
Attn:  Bankruptcy                      Po Box 182789                           Attn: Bankruptcy
PO Box 182125                          Columbus, OH 43218-2789                 725 Canton St
Columbus, OH 43218-2125                                                        Norwood, MA 02062-2679


Credit Collection Services             (p)DELTA COMMUNITY CREDIT UNION         Department of Education/Nelnet
Po Box 607                             PO BOX 20541                            Attn: Bankruptcy
Norwood, MA 02062-0607                 ATLANTA GA 30320-2541                   Po Box 82561
                                                                                Lincoln, NE 68501-2561


Department of Education/Nelnet         (p)U S  DEPARTMENT OF JUSTICE  TAX DIVISION   Enhanced Recovery Company
Po Box 82561                           CIVL TRIAL SECTION SOUTHERN REGION      Attn: Bankruptcy
Lincoln, NE 68501-2561                 P O BOX 14198                           8014 Bayberry Road
                                       WASHINGTON DC 20044-4198                Jacksonville, FL 32256-7412
```

| | | |
|---|---|---|
| Enhanced Recovery Company<br>Po Box 57547<br>Jacksonville, FL 32241-7547 | Fingerhut<br>13300 Pioneer Trail<br>Eden Prairie, MN 55347-4120 | Fingerhut<br>Attn: Bankruptcy<br>6250 Ridgewood Road<br>Saint Cloud, MN 56303-0820 |
| Freedom Road Financial<br>10605 Double R Blvd<br>Reno, NV 89521-8920 | Freedom Road Financial<br>Attn: Bankruptcy<br>PO Box 4597<br>Oak Brook, IL 60522-4597 | FreedomRoad Financial c/o Wayfinder BK, LLC<br>PO Box 64090<br>Tucson, AZ 85728-4090 |
| Fusion Sleep<br>PO Box 117129<br>Atlanta, GA 30368-7129 | Genesis Credit/Celtic Bank<br>Attn: Bankruptcy<br>PO Box 4477<br>Beaverton, OR 97076-4401 | Genesis Credit/Celtic Bank<br>Po Box 4499<br>Beaverton, OR 97076-4499 |
| Genesis Financial/Jared<br>Genesis FS Card Services<br>PO Box 4477<br>Beaverton, OR 97076-4401 | Genesis Financial/Jared<br>Po Box 4485<br>Beaverton, OR 97076-4485 | (p)GEORGIA DEPARTMENT OF REVENUE<br>COMPLIANCE DIVISION<br>ARCS BANKRUPTCY<br>1800 CENTURY BLVD NE SUITE 9100<br>ATLANTA GA 30345-3202 |
| Internal Revenue Service<br>401 W. Peachtree St. NW<br>Stop 334-D<br>Atlanta, GA 30308 | Internal Revenue Service<br>P O Box 7346<br>Philadelphia, PA 19101-7346 | LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| LaTandria Chambers<br>3471 N Druid Hills Rd<br>Decatur, GA 30033-3784 | Midland Credit Management, Inc.<br>PO Box 2037<br>Warren, MI 48090-2037 | Midland Fund<br>320 East Big Beaver<br>Troy, MI 48083-1238 |
| Midland Fund<br>Attn: Bankruptcy<br>350 Camino De La Reine, Suite 100<br>San Diego, CA 92108-3007 | NCB Management Services<br>1 Allied Drive<br>Trevose, PA 19053-6945 | NCB Management Services<br>Attn: Bankruptcy<br>1 Allied Drive<br>Feasterville-Trevose, PA 19053-6945 |
| (p)OFFICE OF THE ATTORNEY GENERAL OF GEORGIA<br>BUSINESS AND FINANCE BANKRUPTCY<br>40 CAPITOL SQUARE SW<br>ATLANTA GA 30334-9057 | OneMain Financial<br>Attn: Bankruptcy<br>Po Box 3251<br>Evansville, IN 47731-3251 | OneMain Financial<br>Po Box 1010<br>Evansville, IN 47706-1010 |
| Pinnacle Credit Services, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | (p)RECOVERY ONE LLC<br>PO BOX 20404<br>COLUMBUS OH 43220-0404 |
| Regional Acceptance<br>1424 E Fire Tower Road<br>Greenville, NC 27858-4105 | Regional Acceptance<br>Attn: Bankruptcy<br>1424 E Firetower Rd<br>Greenville, SC 27858-4105 | Regional Acceptance Corporation<br>PO Box 1847<br>Wilson, NC 27894-1847 |

| | | |
|---|---|---|
| Resurgent Capital Services<br>Attn: Bankruptcy<br>Po Box 10497<br>Greenville, SC 29603-0497 | Resurgent Capital Services<br>C/o Resurgent Capital Services<br>Greenville, SC 29602 | (p)SEZZLE INC<br>251 N 1ST AVE<br>SUITE 200<br>MINNEAPOLIS MN 55401-1672 |
| Spring Oaks Capital SPV, LLC<br>P O Box 1216<br>Chesapeake, VA 23327-1216 | (p)SPRING OAKS CAPITAL  LLC<br>1400 CROSSWAYS BLVD STE 100B<br>CHESAPEAKE VA 23320-0207 | Synergetic Communications Inc.<br>5450 NW Central #220<br>Houston, TX 77092-2061 |
| T Mobile/T-Mobile USA Inc<br>by American InfoSource as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 | The Bureaus Inc<br>650 Dundee Road<br>Northbrook, IL 60062-2747 | The Bureaus Inc<br>Attn: Bankruptcy<br>650 Dundee Rd, Ste 370<br>Northbrook, IL 60062-2757 |
| Transworld System Inc<br>Attn: Bankruptcy<br>Po Box 15630<br>Wilmington, DE 19850-5630 | Transworld System Inc<br>Po Box 15095<br>Wilmington, DE 19850-5095 | U.S. Department of Education<br>Ecmc/Attn: Bankruptcy<br>Po Box 16408<br>Saint Paul, MN 55116-0408 |
| U.S. Department of Education<br>Po Box 5609<br>Greenville, TX 75403-5609 | US Department of Education c/o Nelnet<br>121 S 13th St.<br>LINCOLN, NE 68508-1904 | United States Attorney<br>600 Russell B. Russell Bldg.<br>75 Ted Turner Drive, SW<br>Atlanta, GA 30303-3315 |
| United States Attorney General<br>U S Dept. of Justice<br>950 Pennsylvania Ave. NW<br>Washington, DC 20530-0009 | Verizon<br>by American InfoSource as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 | Verizon Wireless<br>Attn: Bankruptcy<br>500 Technology Dr, Ste 599<br>Weldon Springs, MO 63304-2225 |
| Verizon Wireless<br>National Recovery Operations<br>Minneapolis, MN 55426 | Nancy J. Whaley<br>Nancy J. Whaley, Standing Ch. 13 Trustee<br>Suite 120, Truist Plaza Garden Offices<br>303 Peachtree Center Avenue<br>Atlanta, GA 30303-1216 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Caine & Weiner<br>Po Box 55848<br>Sherman Oaks, CA 91413 | Delta Community Credit Union<br>PO Box 20541<br>Atlanta, GA  30320-2541 | Department of Justice, Tax Division<br>Civil Trial Section, Southern Region<br>PO Box 14198<br>Washington, DC 20044 |
| Georgia Department of Revenue<br>Compliance Division<br>ARCS-Bankruptcy<br>1800 Century Blvd. NE, Suite 9100<br>Atlanta, GA 30345-3202 | Office of the Attorney General<br>40 Capital Square, SW<br>Atlanta, GA 30334 | Portfolio Recovery Associates, LLC<br>120 Corporate Blvd Ste 100<br>Norfolk, VA 23502 |

```
(d)Portfolio Recovery Associates, LLC      (d)Portfolio Recovery Associates, LLC      Recovery One
Attn: Bankruptcy                           POB 41067                                   Attn: Bankruptcy
120 Corporate Boulevard                    Norfolk VA 23541                            3240 West Henderson Road
Norfolk, VA 23502                                                                      Columbus, OH 43220


(d)Recovery One                            Sezzle                                      (d)Sezzle
Po Box 20404                               251 1st Ave                                 Attn: Bankruptcy
Columbus, OH 43220                         Minneapolis, MN 55401                       Po Box 3320
                                                                                       Minneapolis, MN 55403


Spring Oaks Capital, Llc                   (d)Spring Oaks Capital, Llc                 End of Label Matrix
Attn: Bankruptcy                           P.o. Box 1216                               Mailable recipients    79
P.O. Box 1216                              Chesapeake, VA 23327                        Bypassed recipients     0
Chesapeake, VA 23327                                                                   Total                  79
```